IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRANCE TOMLINSON,

    Petitioner,

v.   :   CIVIL ACTION NO.: CV209-081

DEBORAH A. HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terrance Tomlinson ("Tomlinson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent has filed a Motion to Dismiss, and Tomlinson has filed a Response-Traverse. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Tomlinson was convicted, after a jury verdict, in the Middle District of Florida of four (4) counts of conspiracy, in violation of 18 U.S.C. § 2, and possession and distribution of cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 856(a)(1). Tomlinson was sentenced to 240 months' imprisonment, to run concurrently, and 72 months' supervised release, to run concurrently. (Doc. No. 7-2, p. 7). The Eleventh Circuit Court of Appeals affirmed Tomlinson's convictions and sentences.

Tomlinson filed a motion to vacate, correct, or set aside his convictions, pursuant to 28 U.S.C. § 2255, which the trial court denied. Tomlinson also filed several motions for resentencing based on his assertion that a state conviction used to enhance his federal sentence had been overturned, and the trial court denied these motions. The Eleventh Circuit denied Tomlinson's application for leave to file a successive or second section 2255 motion. (Case Number CR897-15, M.D. Fla.).

Tomlinson filed a § 2241 petition for writ of habeas corpus in the Northern District of Georgia. Tomlinson's petition was dismissed for failure to satisfy the savings clause of § 2255, and the Eleventh Circuit affirmed this dismissal.

In the instant petition, Tomlinson contends he received ineffective assistance of counsel because his counsel: 1) failed to raise several conflicts of interest involving the Assistant United States Attorney ("AUSA") prosecuting his case; 2) did not challenge Tomlinson's prior state conviction, which was used to enhance his federal sentence; 3) failed to disclose a fraud investigation concerning one of the trial attorneys; 4) did not have the district court address pre-trial motions; 5) failed to assert that the AUSA threatened and intimidated defense counsel; and 6) failed to investigate or disclose Tomlinson's mental health issues and illiteracy.

Respondent asserts that Tomlinson is attacking the validity of his conviction, not the execution of his sentence, and thus, Tomlinson must bring his claims pursuant to section 2255. Respondent also asserts that Tomlinson does not meet the requirements of that section's savings clause. Respondent contends that Tomlinson is barred from filing a § 2255 motion because he lacks the requisite certificate of appealability.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Tomlinson has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Tomlinson ostensibly asserts that the remedy afforded by section 2255 is inadequate or ineffective because his assertions show that a miscarriage of justice occurred and cast doubt on the constitutionality of previous proceedings. (Doc. No. 1, p. 3).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil,

119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Tomlinson fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the Middle District of Florida, the Eleventh Circuit, and the Northern District of Georgia courts denied or dismissed Tomlinson's claims does not mean that section 2255's remedy is inadequate or ineffective.

Tomlinson has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Tomlinson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Tomlinson is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

It is unnecessary to address the alternative ground of dismissal Respondent set forth.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Tomlinson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

5